IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 00-125

_____

IN THE MATTER OF

MATTHEW J. SISLER,

An Attorney at Law,

Respondent.

JUDGMENT A N D

O R D E R

_____

On January 30, 2001, the Commission on Practice of the Supreme Court of the State of Montana (COP) issued its findings of fact, conclusions of law and recommendations to the Supreme Court in COP File No. 3774, In the Matter of Matthew J. Sisler, an Attorney at Law.

Mr. Sisler, through counsel, Robert J. Emmons, has filed objections to the findings, conclusions and recommendations of the COP.

In addressing objections to findings of the COP, we exercise *de novo* review. Goldstein/ Albers v. Commission on Practice, 2000 MT 8, 297 Mont. 493, 501, 995 P.2d 923.

The complaint against Mr. Sisler contains two counts. Count I alleges that Sisler violated Rule 4.2 of the Rules of Professional Conduct by communicating with Julia Bennett on June 17, 1998, about the subject matter of a divorce proceeding when Sisler knew that Ms. Bennett was represented at the time by another lawyer, Adele Carter. Count II alleges that Sisler violated Rule 8.4 of the Rules of Professional Conduct involving dishonesty,

fraud, deceit or misrepresentation involving his communications with the Sanders County Attorney's office on June 17, 1998, when, in an attempt to have criminal charges against Mr. Bennett dropped, he stated to Ms. Cooperman of the Sanders County Attorney's office that Julia Bennett had dropped the divorce, when, in fact, the divorce was still pending.

## THE COMMISSION'S FINDINGS & CONCLUSIONS

Concerning Count I, the COP found, by clear and convincing evidence, that Sisler had significant conversations with Julia Bennett on June 17, 1998, and, subsequently, acknowledged in a letter to the Clerk of Court that his communication with attorney Adele Carter (after June 17, 1998) indicated that she had not withdrawn as counsel for Julia Bennett. The COP also found that Sisler communicated with Sue Cooperman of the Sanders County Attorney's office on June 12, 1998, and, in asking that criminal charges be dropped against Martin Bennett, informed Ms. Cooperman that Julia Bennett had dropped the divorce and TRO. The COP found that although the TRO had been dismissed, the representation that Julia Bennett had dropped the divorce was a misrepresentation. The COP then concluded that Sisler had violated Rule 4.2 of the Rules of Professional Conduct by communicating with Julie Bennett on June 17, 1998, regarding the domestic proceeding despite being told not to do so by Ms. Bennett's attorney, Adele Carter and despite being aware that Adele Carter continued to represent Ms. Bennett through June 26, 1998.

The COP also concluded that Sisler's misrepresentation to Ms. Cooperman that Ms. Bennett had dropped the divorce and the TRO was a violation of Rule 4.2.

As to Count II, the COP concluded that Sisler's June 17, 1998, communication with Ms. Cooperman to the effect that the divorce matter had been dropped constituted a misrepresentation in violation of Rule 8.4 Rules of Professional Conduct.

## SISLER'S OBJECTIONS

Sisler has filed some 21 objections and 93 pages of briefing in opposition to the COP's findings and conclusions and recommendations.

The bulk of Sisler's objections relate to the sufficiency of the evidence to support the COP's findings as to whether Sisler had prohibited contact with Julia Bennett on June 17,

1998; whether Sisler knew Julia Bennett was still represented by Adele Carter as of that date and whether Sisler discussed the subject matter of the divorce proceeding with Ms. Bennett; and whether Sisler advised Ms. Cooperman that Ms. Bennett had dropped the divorce.

Having made a *de novo* review of the testimony and exhibits, including Mr. Sisler's own correspondence, we determine that COP's findings of fact are supported by clear and convincing evidence.

Sisler contends that the COP erred in concluding that Adele Carter continued to represent Ms. Bennett until such time as the District Court issued an order allowing her to withdraw. Sisler argues that neither Rule 8 nor Rule 10, M.R.Civ.P., speaks to Julia Bennett's right to terminate Adele Carter or requires that the court be notified prior to a termination. We are at a loss as to what the point of this objection is. Rule 8, M.R.Civ.P., addresses "general rules of pleading;" it has nothing to do with withdrawal of counsel of record. Rule 10, M.R.Civ.P., addresses "form of pleadings." It too has nothing to do with withdrawal of counsel of record. The fact that these Rules of procedure, along with a myriad of other rules, do not address Julia Bennett's right to terminate her counsel is of no consequence. The COP was correct in concluding that an attorney remains the attorney of record until such time as the Court issues an order allowing the attorney to withdraw. Section 37-61-403(1), MCA, provides that an attorney may be changed, "upon order of the court, upon application of either client or attorney, after notice from one to the other."

Sisler objects that the COP and the Special Counsel failed to provide any notice to him as to the witnesses to be called and exhibits to be used against him at the COP hearing. The Rules of Disciplinary Procedure allow parties to seek formal discovery to obtain information. Disciplinary Enforcement Rule 12(D). Special Counsel correctly points out that Sisler chose not to inquire what potential witnesses or exhibits Special Counsel was going to present. Although Sisler initially indicated that he was going to depose some witnesses, he cancelled those depositions. The fact that a party chooses not to avail himself of the benefits of prehearing discovery opportunities does not mean that he has been denied due process of law. We find no merit to this objection.

Sisler objects that the COP wrongly denied his request to supplement the record with the affidavit of Francis Williams and wrongly denied his request for a new trial. We have previously addressed this issue in our Order of February 22, 2001, in which we denied Sisler's request to supplement the record with affidavits and noted that Rules 52(b) and 59

(a), M.R.Civ.P., do not apply to the proceedings before the COP.

Finally, Sisler contends that the COP erred in allowing Special Counsel to bring up numerous instances of "uncharged conduct" without providing advance notice. In particular, he contends that although the complaint before the COP focused solely on events occurring on June 17, 1998, the Special Counsel exceeded the scope of the complaint when he presented testimony (1) that Julia Bennett telephoned Sisler on May 22, 1998, and spoke with him; and (2) that Sisler represented Ms. Bennett in a claim against Ms. Carter at some point after the June 17, 1998, conversation which is the subject of the complaint herein. Sisler contends that he had no notice that these matters would be considered and that introduction of this testimony "worked to the severe prejudice and disadvantage" of Sisler.

We determine that this testimony did exceed the scope of the complaint. Evidence of the May 22, 1998, conversation and of Sisler's subsequent representation of Ms. Bennett after June 17, 1998, was not relevant to the issues narrowly framed by the complaint; i.e., whether Sisler had conversations with Ms. Bennett and the Sanders County Attorney's office on June 17, 1998. For that reason, and in the exercise of our *de novo* review, we strike the testimony that Sisler had a conversation with Julia Bennett on May 22, 1998, and that, after June 17, 1998, he represented Julia Bennett in a complaint against Ms. Carter.

Mr. Sisler also objects that Special Counsel was allowed to introduce testimony about Sisler's character. In particular, he references Mr. Slomski's testimony that Sisler was dishonest. The record, however, indicates that when Sisler's counsel objected to Mr. Slomski's opinion as irrelevant, Chairman Warren ruled that the testimony was beyond the scope of the complaint and admonished Special Counsel to focus on the allegations at issue. Nonetheless, since Mr. Slomski's testimony is referenced in the COP's findings of fact, we strike that testimony as irrelevant.

THEREFORE IT IS ORDERED:

1. We reject the following findings of fact: The references to Julia Bennett's telephone call to Mr. Sisler on May 22, 1998 in Finding Nos. 8 and 9; the reference to Mr. Slomski's opinion of Mr. Sisler contained in Finding No. 11; and the reference in Finding No. 14 to Mr. Sisler's subsequent representation of Ms. Bennett in a claim against Ms. Carter.

2. All remaining findings of fact of the Commission on Practice, a copy of which are attached to this Order and incorporated by reference herein, are adopted by the Court.

3. The Commission on Practice's conclusions of law that Sisler violated the provisions of Rule 4.2 and Rule 8.4 of the Rules of Professional Conduct are adopted by the Court.

4. Commencing July 14, 2001, Matthew J. Sisler is hereby suspended indefinitely from the practice of law in the State of Montana for a period of not less than three months.

5. Pursuant to Rule 23 of the Rules for Lawyer Disciplinary Enforcement, Respondent shall, within ten days of the date of this order, notify or cause to be notified by registered or certified mail, return receipt requested, all clients being representing in pending matters, any co-counsel in pending matters, and any opposing counsel in pending matters, or in the absence of such counsel, the adverse parties, that the Court has ordered his suspension, and that he will be disqualified to act as a lawyer after July 14, 2001. The Respondent is further ordered to deliver to all clients being represented in pending matters, any papers or other property to which they are entitled, and Respondent shall notify them and any counsel representing them of a suitable time and place where the papers and other property may be obtained. Finally, in the event that any of the Respondent's clients do not obtain another lawyer before the effective date of the suspension, the Respondent shall notify in writing the judge of the court having jurisdiction of the pending matter, of the circumstances.

6. Matthew J. Sisler shall pay, or make arrangements to pay, the costs of the proceedings before the Commission which, as documented in the attached letters, amount to

$4,535.83. Respondent shall have ten days from the date of service of this order in which to file with the Commission on Practice any objections to the costs assessed against him as provided in Rule 7A(7) of the Rules for Lawyer Disciplinary Enforcement.

7. Copies of this Order and attachments shall be mailed to Matthew J. Sisler personally and to his counsel of record; to Special Counsel; to the Chairman and Secretary of the Commission on Practice; to all Clerks of the Districts Courts of the State of Montana; to the Clerk of the Federal District Court for the District of Montana; to the Clerk of the Circuit Court of Appeals of the Ninth Circuit; and to the Executive Director of the State Bar of Montana.

DATED this <u>19<u>th</u></u> day of June, 2001.

**Signed by all Justices**

_____

Chief Justice

_____

Justices